FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLAH©, Secured Party/Creditor, 5% NATION OF ISLAM,<br><br>Plaintiff,<br><br>v.<br><br>ALLAH©, Debtor, Property No. 865760; COSTON, EDWIN RANDALL, Debtor; ALLAH ALLAH AKA EDWIN CONSTON, Debtor; ALLAH ALLAH, Debtor; ALLAH NONE, Debtor; WASHINGTON STATE PENITENTIARY, Debtor; DEPARTMENT OF CORRECTIONS, Debtor; and DIVINE ALLAH, Debtor,<br><br>Defendants. | No. 4:24-CV-05010-SAB<br><br>**ORDER DISMISSING ACTION** |

On January 16, 2024, Plaintiff Allah©, prisoner number 950376, filed a *pro se* civil rights complaint while a prisoner at the Stafford Creek Corrections Center in Aberdeen, Washington. ECF No. 1. Plaintiff did not pay the $405.00 filing fee

**ORDER DISMISSING ACTION** -- 1

to commence this action under 28 U.S.C. §1914, or properly seek leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

By letter dated January 17, 2024, the Clerk of Court advised Plaintiff regarding these deficiencies, directed Plaintiff to return a completed Declaration and Application to Proceed *In Forma Pauperis* with a certified statement of his inmate account covering the six month period preceding January 16, 2024, and provided the necessary form. ECF No. 3.

On January 24, 2024, Plaintiff filed a document entitled, "'Notice' Re: IFP 28 U.S.C. § 1915, Stafford Creek Correction Center Is Using Fraud Having A Trust Account In The Name ALLAH NONE, There Is No Judgment Or Warrant Of Commitment Or Any Court Documents With This Name; Per 31 U.S.C. § 5312(a)(2)(c) every 'private' individual is a 'Financial Institution.'" ECF No. 4. Plaintiff contends that he is unable to fill out the form provided by the Court, "because DOC Employee's made the name ALLAH ALLAH, on July 23, 2002, using Void Judgments that named Debtor CONSTON, EDWIN RANDALL, then DOC Employee's changed the name ALLAH ALLAH, to ALLAH NONE, December 18, 2022, this is FRAUD: See: Public Disclosure P-8558 (DOC) ALLAH ALLAH; Resolution Request Log ID Number: 22769928; Level 1- Initial Grievance Log ID Number: 18661552. Not only is this FRAUD! It is illegal!!! Allah© is a Secured Party/Creditor/Private Individual, 31 U.S.C. § 5312(a)(2)(c) every 'private' individual is a 'Financial institution' and a 'private banker.' In Bank of Augusta v. Earl, 13 pet (US) 519, the court ruled, 'A Private Individual has as much privilege as banks . . .' This Court has a Choice to accept ALLAH's© Personal Check in the amount of $405.00 dollars, pursuant to HJR 192 of June 5, 1933, since Allah© was never a U.S. Citizen, pursuant to the Emancipation Proclamation of January 1, 1863, and Allah© is not a citizen of the State of Washington; or waive the Filing Fee and serve the Debtor. These names ALLAH ALLAH; ALLAH NONE; COSTON, EDWIN RANDALL; are a violation of U.S.

**ORDER DISMISSING ACTION** -- 2

Const. Art. IV, § 1, Full Faith and Credit; 28 U.S.C. § 1738 Federal Statute." ECF No. 4 at 1–2. Plaintiff then attaches various documents, including a purported "Personal Check." *Id.* at 3–12.

Plaintiff presents his proffer of payment on a "UCC Financing Statement Amendment," purportedly issued by the STATE OF MINNESOTA, Office of the Minnesota Secretary of State, and allegedly releasing funds to the "U.S.D.C. East. Dist. Clerk." *Id.* at 10. This document has no bank routing number or individual account number. *Id.* It is undated and unsigned. *Id.* The Court cannot recognize Plaintiff's submission as an acceptable form of payment, and therefore, declines it.

Had Plaintiff properly sought leave to proceed *in forma pauperis,* the Court would have found that the records of this Court and the U.S. District Court, Western District of Washington[1], Plaintiff is no longer eligible to proceed *in forma pauperis* under 28 U.S.C § 1915(g). *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005) (noting the "three strikes" terminology). Under this provision, *in forma pauperis* status is unavailable to prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Plaintiff has brought at least three other cases that were dismissed as frivolous or malicious or for failure to state a claim. *See e.g., Allah v. Attorney General, et al.,* No. 2:20-cv-00161-RSM-BAT (W.D. Wash. Feb. 6, 2020) (acknowledging that Allah has accrued five strikes under 28 U.S.C. § 1915(g) in that court since 2000 and dismissing the complaint in that action with prejudice as fatally deficient and

---

[1] *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

**ORDER DISMISSING ACTION** -- 3

counting that dismissal as a STRIKE under 28 U.S.C. § 1915(g)); *Allah v. Christensen, et al*, No. 4:16-cv-05129-SAB (E.D. Wash. Dec. 13, 2016) (dismissed as frivolous) (no appeal taken); *Allah v. Holbrook, et al*., 4:19-cv-05282-SAB, Appeal No. 20-35201 (9th Cir. Dec. 11, 2020) (appeal dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)); and *Allah v. McAvoy, et al.,* No. 4:21-cv-5031-SAB (E.D. Wash. June 9, 2021) (Dismissed with prejudice as frivolous, malicious, and for failure to state a claim upon which relief may be granted) (no appeal taken). Plaintiff has thus lost the privilege of filing additional suits *in forma pauperis* unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's complaint, apparently seeking to disclaim any use of a name other than Allah© does not demonstrate that Plaintiff was under "imminent danger of serious physical injury" under 28 U.S.C. § 1915(g) when he submitted his complaint on January 16, 2024. *See generally* ECF No. 1; 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (discussing imminent danger exception to three-strikes rule); *see also Ciarpaglini v. Saini*, 352 F.3d 328, 330 ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed."). Therefore, the Court declines to entertain Plaintiff's requests in this action.

//
//
//
//
//
//
//
//
//

**ORDER DISMISSING ACTION** -- 4

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED without prejudice,** for failure to comply with the filing fee requirements of 28 U.S.C. § 1914.

2. The Court certifies any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter judgment and forward a copy to *pro se* Plaintiff.

DATED this 23rd day of February 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DISMISSING ACTION** -- 5